IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

DESIGN BASICS, LLC and )
PLAN PROS, INC., )
)
      Plaintiffs, )
)
      v. )      Case No.: 1:16-cv-50 RLM-SLC
)
QUALITY CRAFTED HOMES INC., )
)
      Defendant. )

OPINION AND ORDER

This matter is before the court on Quality Crafted Homes' motion for partial summary judgment. Quality Crafted Homes argues that a three-year look-back period prevents plaintiffs from claiming that Quality Crafted Homes infringed on copyrights before February 3, 2013. The court disagrees.

I. BACKGROUND

Design Basics and Plan Pros allege that they're in the business of designing and licensing architectural works and technical drawings, and that they own copyrights protecting their works. Quality Crafted Homes is in the business of creating, publishing, and advertising home designs. On February 3, 2016, Design Basics and Plan Pros sued Quality Crafted Homes for infringing on copyrights for seven of their home designs.

Quality Crafted Homes asks for partial summary judgment, arguing that claims based on alleged infringing acts before February 3, 2013 are time-barred.

II. STANDARD OF REVIEW

Summary judgment is appropriate when the record demonstrates that there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986); <u>Protective Life Ins. Co. v. Hansen</u>, 632 F.3d 388, 391-92 (7th Cir. 2011). The court construes the evidence and all inferences that reasonably can be drawn from the evidence in the light most favorable to the non-moving party. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986). The moving party bears the burden of informing the court of the basis for its motion and identifying the parts of the record that demonstrate the absence of any genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. at 323.

III. Discussion

Claims under the Copyright Act must be "commenced within three years after the claim accrue[s]." 17 U.S.C. § 507(b). "[T]he limitations period generally begins to run at the point when 'the plaintiff can file suit and obtain relief,'" which is "when an infringing act occurs." <u>Petrella v. Metro-Goldwyn-Mayer, Inc.</u>, 134 S. Ct. 1962, 1969 (2014). The equitable defense of laches doesn't apply to infringement claims brought within the limitations period. *Id.* at 1972. The Court expressly noted that its decision doesn't address the "discovery rule," which nine courts of appeals have adopted "as an alternative to the incident of injury rule." *Id.* at 1969 n.4; *see also* <u>SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC</u>, No. 15-927, 2017 WL 1050978, at *7 (U.S. Mar. 21, 2017) (holding that laches also isn't a defense in patent suits, and again recognizing that <u>Petrella</u> didn't address the discovery rule).

2

Our court of appeals adopted the "discovery rule" for copyright claims. Gaiman v. McFarlane, 360 F.3d 644, 653 (7th Cir. 2004). Under the "discovery rule," the "statute of limitations starts to run when the plaintiff learns, or should as a reasonable person have learned, that the defendant was violating his rights." Id. Quality Crafted Homes argues that the logic of Petrella undermines our court of appeals' acceptance of the discovery rule; regardless of when an infringement is discovered, suit is time-barred if the infringement occurred more than three years before the filing date. Design Basics and Plan Pros argue that Petrella only dealt with the laches defense and expressly decided not to impact the lower courts' discovery rules, so our court of appeals' decision should remain binding.

In Chicago Building Design, P.C. v. Mongolian House, Inc., 770 F.3d 610 (7th Cir. 2014), our court of appeals stated that "in light of Petrella, we now know that the right question to ask in copyright cases is whether the complaint contains allegations of infringing acts that occurred within the three-year look-back period from the date on which the suit was filed." Id. at 616. The court found possible infringement within the three-year look-back period, so it didn't need to reach the question of "whether Petrella abrogates the discovery rule in copyright cases." Id. at 618. Like the Petrella Court, the court of appeals decided to "express no opinion on that question today." Id.

Our court of appeals took a nuanced approach to Petrella in Consumer Health Information Corp. v. Amylin Pharmaceuticals, 819 F.3d 992 (7th Cir. 2016), where it held that Petrella was limited to disputes about copyright infringement. Id. at 996-997. Copyright ownership claims, however, "'accrue only

3

once,' when the claimant receives notice that his ownership has been expressly repudiated or contested." *Id.* at 996. Despite clear language in <u>Petrella</u> describing accrual, there might be good reason to limit the decision to its context.

After <u>Petrella</u>, our court of appeals might find reason to continue applying the discovery rule in copyright infringement actions. Unlike the discovery rule, laches is a purely equitable defense that existed in copyright to "fill[ ] a legislative hole" during a time when there was no federal statute of limitations for copyright claims. <u>Petrella</u>, 134 S. Ct. at 1968. Laches also prevented forum-shopping for the state with the most favorable limitations period. *Id.* The creation of a federal limitations period standardized the time a plaintiff had to bring an infringement claim, eliminating the need for this equitable gap-filler. *Id.* at 1969.

The discovery rule serves a different role. <u>Petrella</u> impacted when an infringement claim "accrue[s]." 17 U.S.C. § 507(b). But the discovery rule might toll a limitations period once the claim has already "accrued," *see* <u>Taylor v. Meirick</u>, 712 F.2d 1112, 1117 (7th Cir. 1983) ("Often . . . the statute of limitations is tolled until the plaintiff learned or by reasonable diligence could have learned that he had a cause of action."), or offer an alternative means of accrual. However cast, with or without laches, a diligent plaintiff still has a reasonable opportunity to sue. But without the discovery rule, a diligent plaintiff might not have reasonable opportunity to sue for an infringement that takes too long to discover.

The Supreme Court expressly staked out the boundaries of its opinion to avoid encroaching on the discovery rule. *See* <u>Petrella</u>, 134 S. Ct. at 1969 n.4. Since neither our court of appeals nor the Supreme Court has ruled on whether

the discovery rule remains intact in copyright infringement actions after <u>Petrella</u>, this court must follow precedent in continuing to apply it.

Every other court in our circuit that has addressed the issue has held that <u>Petrella</u> leaves our court of appeals' discovery rule intact unless it decides otherwise. *See* <u>Design Basics, LLC v. Lancia Homes, Inc.</u>, No. 1:16-cv-47, 2017 WL 228196 (N.D. Ind. Jan. 19, 2017); <u>Boehm v. Heyrman Printing, LLC</u>, No. 16-cv-305, 2017 WL 53296, at *1-2 (W.D. Wis. Jan. 4, 2017); <u>Design Basics, LLC v. Best Built, Inc.</u>, No. 14-C-597, 2016 WL 8215055, at *8 (E.D. Wis. Dec. 8, 2016); <u>Seide v. Level-(1) Global Solutions, LLC</u>, No. 16 C 2975, 2016 WL 4206076, at *3 (N.D. Ill. Aug. 10, 2016); <u>Design Basics, LLC v. J & V Roberts Invs., Inc.</u>, 130 F. Supp. 3d 1266, 1281-1282 (E.D. Wis. 2015); <u>Design Basics, LLC v. Campbellsport Bldg. Supply, Inc.</u>, 99 F. Supp. 3d 899, 919 (E.D. Wis. 2015); <u>Panoramic Stock Images, Ltd. v. John Wiley & Sons, Inc.</u>, No. 12-c-10003, 2014 WL 4344095, at *7 (N.D. Ill. Sept. 2, 2014); <u>Frerck v. Pearson Educ., Inc.</u>, 63 F. Supp. 3d 882, 887 n.3 (N.D. Ill. 2014); <u>Beasley v. John Wiley & Sons, Inc.</u>, 56 F. Supp. 3d 937, 945 n.5 (N.D. Ill. 2014); <u>Frerck v. John Wiley & Sons, Inc.</u>, No. 11-cv-2727, 2014 WL 3512991, at *6 n.5 (N.D. Ill. July 14, 2014).

Nor has this court found a single case outside of the Seventh Circuit that has done differently. *See, e.g.*, <u>Energy Intelligence Group, Inc. v. Kayne Anderson Capital Advisors, LP</u>, No. H-14-1903, 2016 WL 1203763, at *4 (S.D. Tex. Mar. 22, 2016) (following the Fifth Circuit's discovery rule after <u>Petrella</u>); <u>Wolf v. Travolta</u>, 167 F. Supp. 3d 1077, 1092-1093 (C.D. Cal. 2016) (applying the Ninth Circuit's discovery rule after <u>Petrella</u>); <u>Design Basics, LLC v. Carhart Lumber Co.</u>,

5

No. 8:13-cv-125, 2016 WL 424974, at *3 (D. Neb. Feb. 3, 2016) (following the Eighth Circuit's discovery rule after <u>Petrella</u>); <u>Wu v. John Wiley & Sons, Inc.</u>, No. 14 Civ. 6746, 2015 WL 5254885,at *4 n.4 (S.D.N.Y. Sept. 10, 2015) (following the Second Circuit's discovery rule after <u>Petrella</u>); <u>Oracle USA, Inc. v. Rimini St., Inc.</u>, No. 2:10-cv-106, 2015 WL 5089779, at *6 (D. Nev. Aug. 27, 2015) (following the Ninth Circuit's discovery rule after <u>Petrella</u>); <u>Grant Heilman Photography, Inc. v. McGraw-Hill Cos., Inc.</u>, 28 F. Supp. 3d 399, 411 (E.D. Pa. 2014) (following the Third Circuit's discovery rule after <u>Petrella</u>); <u>Lefkowitz v. McGraw-Hill Global Educ. Holdings, LLC</u>, 23 F. Supp. 3d 344, 357 n.11 (S.D.N.Y. 2014) (following the Second Circuit's discovery rule after <u>Petrella</u>).

Unless a higher court directs otherwise, the discovery rule applies here. The plaintiffs' claims regarding infringing acts that occurred before February 3, 2013 can proceed if the plaintiffs discovered or reasonably should have discovered the acts after that date.

## IV. Conclusion

For the forgoing reasons, the court DENIES Quality Crafted Homes' motion for partial summary judgment [Doc. No. 30].

SO ORDERED.

ENTERED:  April 7, 2017

/s/ Robert L. Miller, Jr.
Judge
United States District Court
